UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

ROBIN M. LEE,

        Plaintiff,

v.

DONALD J. TRUMP, *et al.,*

        Defendant.

2:12-cv-0077-MMD-VCF

**O R D E R**

Before the court are plaintiff Robin M. Lee's Motion for an Immediate Court Order of Partial Settlement. (#22).

**Background**

Plaintiff Lee's complaint was filed on January 17, 2012. (#1). Summons were issued on the same day. (#3). On February 22, 2012, plaintiff filed a motion for default judgment. (#8). On April 2, 2012, plaintiff filed a motion that all proceedings be in publications. (#9). On April 23, 2012, the court denied plaintiff's motion for default judgment, and ordered that the clerk of the court shall "re-issue [3] Summons and shall mail newly issued Summons to Plaintiff as to the following parties: Trump Corporation and Donald J. Trump." (#11). The court also ordered that plaintiff "shall have to and including 120 days from the date the summons are issued within which to serve Plaintiff's Complaint on Defendants in full compliance with the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Id.*

On the same day, the clerk issued summons as to Donald J. Trump and Trump Corporation (#12), and plaintiff filed a "Motion That Following Orders Prepared Be Granted To Inc. A Minimum $10 Billion Default Judgment" (#13). On May 7, 2012, plaintiff filed a motion for emergency situation hearing. (#14). On May 23, 2012, the court issued an order denying plaintiff's pending motions (#9, #13, and #14) without prejudice, "with leave for plaintiff to renew the motions after the defendants have

been properly served and after plaintiff has filed proof of service with the court." (#19). The court held that denial without prejudice is warranted, because "[a]s defendants have not been served with a summons and a copy of the complaint or a copy of the plaintiff's motions (#9, #13, and #14), defendants have not been given an opportunity to appear in the action, to defend against the allegations in the complaint (#1), or to respond to the plaintiff's pending motions (#9, #13, and #14). *See* Fed. R. Civ. P. 4(a), (c)(1), and (l)(1); LR 7-2(a)." *Id.*

On June 6, 2012, plaintiff filed the instant motion asking the court for an order of partial settlement. (#22). In his motion, plaintiff asserts that "he accepts the out of court settlement of $5 billion of [the] total $215 billion sought in the original complaint." *Id.*

**Relevant Law**

Pursuant to Fed. R. Civ. P. 4(a), a summons must be directed to the defendant, state the time within which the defendant must appear and defend, and notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint. Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint," and that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Once a defendant has been served with a summons and a copy of the complaint, proof of service must be made to the court. Fed. R. Civ. P. 4(l)(1). If a defendant is not served within 120 days after the complaint is filed, the court may dismiss the action. Fed. R. Civ. P. 4(m).

Parties may file motions requesting a court order. Fed. R. Civ. P. 7(b). Local Rule 7-2(a) provides that "[a]ll motions, unless made during a hearing or trial, shall be in writing and served on all other parties who have appeared."

**Discussion**

Since the summons (#12) were issued on April 23, 2012, plaintiff has until August 21, 2012, to provide proof of service of the summons and complaint. (#11). To date, no proof of service has been

1  filed.  As defendants have not been served with a summons and a copy of the complaint or a copy of
2  the plaintiff's motion (#22), defendants have not been given an opportunity to appear in the action, to
3  defend against the allegations in the complaint (#1), or to respond to the plaintiff's pending motion
4  (#22).  *See* Fed. R. Civ. P. 4(a), (c)(1), and (l)(1); LR 7-2(a).  The court will deny the pending motion
5  (#22) *without prejudice*, with leave for plaintiff to renew the motion *after* the defendants have been
6  properly served and *after* plaintiff has filed proof of service with the court.

7       Accordingly, and for good cause shown,

8       IT IS ORDERED that Robin M. Lee's Motion for an Immediate Court Order of Partial
9  Settlement (#22) is DENIED *without prejudice*.  Plaintiff may renew this motion *after* defendants have
10  been properly served with a summons and a copy of the complaint and *after* plaintiff has filed proof of
11  service with the court.  Fed. R. Civ. P. 4(a), (c)(1), and (l)(1).

12       DATED this 12th day of June, 2012.

                                         **CAM FERENBACH**
                                         **UNITED STATES MAGISTRATE JUDGE**