Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
Justin L. Carley, Esq.
Nevada Bar No. 9994
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252

*Attorneys for Defendants Donald Trump and Trump Corporation*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M. LEE, an individual, | CASE NO. 2:12-CV-00077-MMD-VCF |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION TO DISMISS** |
| DONALD TRUMP, an individual, and TRUMP CORPORATION, a New York Corporation, | |
| Defendants. | |

Defendants Donald Trump ("Trump") and Trump Corporation ("Trump Corp.") (collectively referred to as "Defendants") submit this Motion to Dismiss ("Motion") Plaintiff's Complaint ("Complaint") with prejudice.

SNELL & WILMER
L.L.P.
LAS VEGAS

1  This Motion is based on the pleadings and other papers on file in this suit, the
2  Memorandum of Points and Authorities below, and any oral argument that this court may
3  entertain.

4  Dated: July 17, 2012                    SNELL & WILMER L.L.P.

6                                          By: _____
7                                              Alex L. Fugazzi, Esq.
                                                Nevada Bar No. 9022
8                                               Justin L. Carley, Esq.
                                                Nevada Bar No. 9994
                                                3883 Howard Hughes Parkway, Suite 1100
9                                               Las Vegas, Nevada  89169

10                                          *Attorneys for Defendants*
                                            *Donald Trump and Trump Corporation*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's Complaint is a manifesto without substance. It should be dismissed in its entirety. As a threshold consideration, this Court lacks jurisdiction to hear the dispute. First, Plaintiff fails to allege any substantial or continuous contacts that would subject Defendants to the general personal jurisdiction of a Nevada Court. Similarly, Plaintiff fails to allege any purposeful contacts, or that this case arises from any of those contacts, which would subject Defendants to the specific personal jurisdiction of a Nevada Court. Second, this Court lacks subject-matter jurisdiction as well. Plaintiff's claims do not involve a federal question and Plaintiff fails to allege that diversity jurisdiction exists. Therefore, this Court should dismiss this case for lack of jurisdiction.

Should the court find jurisdiction exists, the Complaint should still be dismissed for several additional reasons. First, Plaintiff affirmatively alleges that he has previously filed the same claims in the district court of Hawaii, but the district court of Hawaii dismissed his claims as frivolous. (*See* Complaint, at 2.) Thus, the claims are barred by the doctrine of claim preclusion (*res judicata*). Second, Plaintiff's Complaint is void of any actionable claims for relief. To the extent the pleading can even be deciphered, Plaintiff seeks various forms of relief, but Plaintiff's claims have no basis in fact and no legal theory entitles him to the requested relief. As such, these claims are frivolous, and this Court should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915. Third, Plaintiff's claims, to the best they can be understood, are time-barred. For all of these reasons, this Court should dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II. ANALYSIS

**A.  This Court lacks jurisdiction to hear this case**

### *1.  This Court lacks personal jurisdiction over Defendants*

This Court lacks personal jurisdiction over Defendants. Where there is no governing federal statute regarding personal jurisdiction, a district court must apply the personal jurisdiction law of the state in which it sits. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). If a defendant affirmatively alleges lack of personal jurisdiction, ***the plaintiff bears the burden of proving that the court has jurisdiction over the defendant.*** *Freeman v. Second Judicial District Court*, 116 Nev. 550, 553, 1 P.3d 963, 965 (2000) (emphasis added). To establish jurisdiction, the ***plaintiff must show*** that Nevada's long arm statute is satisfied, and then demonstrate that "due process is not offended by the exercise of jurisdiction." *Trump v. Eighth Judicial District Court*, 109 Nev. 687, 698, 857 P.2d 740, 747 (1993) (emphasis added).

According to the due process clause of the Fourteenth Amendment, a non-resident defendant must have "'minimum contacts' between the defendant and the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* at 698, 857 P.2d at 747 (quoting *Mizner v. Mizner*, 84 Nev. 268, 270, 439 P.2d 679, 680 (1968) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These minimum contacts with the forum state must be such that the defendant "could reasonably anticipate being hauled into court there." *Id.* The due process restrictions protect "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Emeterio v. Clint Hurt & Assoc, Inc.*, 114 Nev. 1031, 1035, 967 P.2d 432, 435 (1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 470-71 (1985)). Personal jurisdiction is separated into two areas of analysis: (1) general and (2) specific. *See Trump*, 109 Nev. at 699, 857 P.2d at 748.

        *a.*      *This Court lacks general personal jurisdiction over Defendants*

General personal jurisdiction "exists when the defendant's forum state activities are so 'substantial' or 'continuous and systematic' that it is considered present in the forum and thus subject to suit there, even though the suit's claims are unrelated to that forum." *Trump,* 109 Nev. at 699, 857 P.2d at 748 (citing *Budget Rent-A-Car v. Eighth Judicial District Court,* 108 Nev. 483, 485, 835 P.2d 17, 19 (1992)). The level of contact between the defendant and the forum state must be high. *Id.* Relevant factors include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Fisher v. Professional Compounding Centers of America,* 318 F.Supp.2d 1046, 1050 (D. Nev. 2004).

Here, it is apparent that Defendants do not have substantial or continuous and systematic contacts with Nevada. Plaintiff names Trump Corporation as a Defendant, but this is a New York entity. Likewise, Plaintiff names Donald Trump, but fails to allege that he is a citizen of Nevada. Indeed, he is not. Thus, Defendants are not subject to the general personal jurisdiction of the courts of Nevada.

        *b.*      *This Court lacks specific personal jurisdiction over Defendants*

"Specific jurisdiction over a defendant will lie only where the cause of action arises from the defendant's purposeful contacts with the forum state." *Baker v. Eighth Judicial District Court,* 116 Nev. 527, 533, 999 P.2d 1020, 1024 (2000) (*citing Trump,* 109 Nev. at 699, 857 P.2d at 748). As with general jurisdiction, the plaintiff bears the burden of proof. To establish specific jurisdiction, the plaintiff must prove that "the defendant purposefully avail[ed] himself of the privilege of acting in the forum state or of causing important consequences in that state." *Trump,* 109 Nev. at 700, 857 P.2d at 748-49. Additionally, "[t]he cause of action must arise from the consequences in the forum state of the defendant's activities." *Id.* "Where a cause of action does not arise out of a nonresident defendant's acts in the forum, the assertion of specific jurisdiction would be unreasonable." *Western Heritage Thrift and Loan v. Cloutier,* 107 Nev. 471, 473, 813 P.2d 999, 1000 (1991); *see also Munley v. Second Judicial District Court,* 104 Nev. 492, 496, 761 P.2d 414, 416 (1988).

Here, it is again apparent that Defendants have no purposeful contacts with Nevada. Moreover, none of Plaintiff's frivolous causes of action even arguably arose from any of Defendants' contacts with Nevada. Again, Defendant names Trump Corporation as a Defendant, but this is a New York entity. Moreover, Plaintiff's Complaint provides no allegations directly against Trump Corp, or any other Trump-related entity, or Trump himself. (*See generally* Compl.) Plaintiffs only allegation against Defendants is Trump's alleged honoring of Plaintiff's power of attorney on or before February 14, 1995 and that Trump told "the entire City of Honolulu and the State of Hawaii" not to tell Plaintiff about Trump's actions. (*See* Compl., at 1, ¶ 1). Thus, Plaintiff fails to present evidence of any purposeful availment in this forum by Defendants or that this case arises from Defendants' contacts with this forum. (*See generally* Compl.) For these reasons, this Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(2).

### 2. *This Court lacks subject matter jurisdiction*

This Court lacks subject matter jurisdiction. A federal district court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, a federal district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, pursuant to its diversity jurisdiction, a federal district court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

Here, there is no federal question within Plaintiff's Complaint. Plaintiff does not seek relief based upon the Constitution, laws or treaties of the United States. (*See generally* Compl.) Thus, there is no federal question jurisdiction. Likewise, diversity jurisdiction does not exist. Complete diversity of jurisdiction means no defendant is a citizen of the same state as any plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, Plaintiff seems to be a citizen of Nevada, but includes no allegations regarding the citizenship of either Defendant. Therefore, Plaintiff failed to adequately allege facts sufficient to satisfy this jurisdictional element, so this Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(1).

B.   **The claims are barred by the doctrine of claim preclusion**

The claims are barred by the doctrine of claim preclusion. Plaintiff affirmatively alleges that he has previously filed these claims in Hawaii, but explains that that court dismissed them as frivolous. (*See* Compl., at 2.) Thus, the claims are barred here.

A federal court must recognize another court's judgment with the same full faith and credit as that judgment would receive under the law of the state in which the judgment was rendered. *See Carstarphen v. Misner*, 594 F. Supp. 2d 1201, 1207-08 (D. Nev. 2009). Additionally, the doctrine of claim preclusion bars "all grounds of recovery that were asserted in a suit, as well as those that could have been asserted in a prior suit." *Chachas v. City of Ely, Nev.*, 615 F. Supp.2d 1193, 1202 (D. Nev. 2009). Three elements establish the preclusive effect of in such a case: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

Here, all three factors are satisfied, and this Court should dismiss this case. Plaintiff affirmatively alleges that he filed the same suit against the same Defendants in Hawaii. (*See* Complaint, at 2.) The Hawaii court, however, dismissed Plaintiff's case as frivolous. (*See id.*) Thus, as both cases have the same claims, the same parties, and a final judgment on the merits, Plaintiff's claims are barred by the doctrine of claim preclusion. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (providing a dismissal for failure to state a claim is a judgment on the merits to which claim preclusion applies).

C.   **The claims are frivolous under 28 U.S.C. § 1915**

The claims are frivolous under 28 U.S.C. § 1915. A defendant is entitled to dismissal when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), the Complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under *Twombly*, to withstand dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555-56. To state a valid claim, a plaintiff must allege either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal

theory. *Id.* at 562. This duty "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Further, if a plaintiff seeks to proceed *in forma pauperis*, 28 U.S.C. § 1915 authorizes the court to dismiss a case if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may therefore dismiss a claim as frivolous if it is based on a legal theory indisputably without merit or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Here, Plaintiff's "claims" are frivolous at best. Plaintiff requests various forms of relief from Trump, but fails to define any legally cognizable claim that would entitle him to that relief. For instance, Plaintiff requests that Defendants: hire him an attorney (*see* Compl., at 2, ¶ 2), procure a presidential pardon (*Id.*, at 4, ¶ 3), pay damages in the amount of $21.5 billion (*Id.*, at 4, ¶ 1), and counter-sue various other unrelated parties (*Id.*, at 5, ¶ 1). Plaintiff also requests that Trump keep him informed of these subsequent countersuits, show him paperwork and authorship of the corporation, and pay all filing fees for this case. (*Id.* at 5, ¶ 2.) Further, Plaintiff requests Trump "not allow his family put [Plaintiff] back in prison by releasing him cash deposits." (*Id.*, at 5, ¶ 3.) Moreover, Plaintiff claims that Ivana Trump told him that he had a $2 billion dollar settlement and President Obama offered him a $500 million loan. (*Id.*, at 2, ¶ 1.)[1] Simply put, these allegations have no basis in fact and Plaintiff fails to define any legally cognizable claim that would entitle him to that relief, even if they did. Therefore, this Court should dismiss Plaintiff's frivolous "claims" under 28 U.S.C. § 1915 and Fed. R. Civ. P. 12(b)(6).

---

[1] Plaintiff also requested a restraining order against his present counsel, not Trump. (*See* Compl., at 3, ¶ 1.) Regarding the $2 billion settlement, there is no indication that this settlement was with Trump, if it exists at all. (*Id.*, at 2, ¶ 1.) As these claims do not involve Trump, Defendants will not address these claims.

D. **The claims are time-barred**

The claims are time-barred. A cause of action based upon an instrument in writing must be commenced within 6 years. NRS 11.190 (providing an "action upon a contract, obligation or liability founded upon an instrument in writing" must be commenced within 6 years). A power of attorney is a written instrument. *See* NRS 111.450(1). Plaintiff claims Trump allegedly honored Plaintiff's power of attorney on or before February 14, 1995 and told "the entire City of Honolulu and the State of Hawaii" not to tell Plaintiff about Trump's actions. (*See* Compl., at 1, ¶ 1). Assuming any of these far-fetched allegations are true, Plaintiff should have brought this claim by 2001. Plaintiff failed to do so. Therefore, in addition to all of the other defects, Plaintiff's claims are time-barred.

### III. CONCLUSION

For all of the reasons stated above, this Court should dismiss Plaintiff's Complaint, in its entirety, with prejudice.

Dated: July 17, 2012                    SNELL & WILMER L.L.P.


By: _____
Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
Justin L. Carley, Esq.
Nevada Bar No. 9994
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Defendants*
*Donald Trump and Trump Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2012, I electronically transmitted the foregoing **DEFENDANTS' MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties in this matter.

_____
An employee of Snell & Wilmer L.L.P.

15365645